635 So.2d 429 (1994)
James M. BRENNAN
v.
SHELL OFFSHORE, INC., et al.
No. 93-CA-1525.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
Frank Buck, Jr., New Orleans, for appellee.
D. Michael Dendy, Gretna, for appellant.
*430 Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This case involves the proper division of an attorney's fee from a personal injury case. The appeal is taken from a decision of the trial court on cross-motions for summary judgment. Because the trial court's decision is not a final judgment, and does not threaten any irreparable harm, it is not immediately appealable. Consequently, we dismiss the appeal without prejudice. The parties may include the complained-of decision of the trial court in any future appeal once there is a final judgment.
In April 1989, a professional relationship which had been ongoing between attorneys Timothy J. Falcon and Russell Stegeman became a general partnership for the practice of law. By a letter of agreement of April 17, 1989, signed by both attorneys, it was arranged that Falcon would receive one-third of all partnership profits and Stegeman would receive two-thirds of all partnership profits. The letter agreement also provided that this division of profits would apply to all files opened after October 1, 1988.
James M. Brennan, the plaintiff in a personal injury action, signed a contingency fee contract with the Falcon-Stegeman partnership on July 22, 1989. In March 1990, the Falcon-Stegeman partnership dissolved and Falcon removed the Brennan file from the office he once shared with Stegeman. By a letter of March 22, 1990 Brennan discharged Stegeman and asked that "any file material" be turned over to Falcon. Brennan was then represented by Falcon through the conclusion of his casea sizeable jury verdict and an attorney's fee of $80,000.00.
Stegeman had filed an intervention in the personal injury case seeking a share of the attorney's fee. The intervention was severed for separate trial from Brennan's personal injury claim. A trial of the intervention was held and the trial court awarded the attorney's fee 98% to Falcon and 2% to Stegeman. As will be explained in a moment, this decision dividing the attorney's fee is not the subject of the present appeal. That division of the attorney's fee was made by the trial court on a quantum meruit basis based on the total efforts expended by each attorney without regard to the partnership agreement.
Stegeman appealed the trial court's division of the attorney's fee and another panel of this court reversed and remanded. Brennan v. Shell Offshore, Inc., 602 So.2d 97 (La.App. 4th Cir.1992). The principal holding of that appellate decision was that the trial court's judgment was null and void and must be reversed because the intervention had been set for trial before Falcon had filed his answer to Stegeman's intervention. However, it also held that:
Stegeman also complains that the trial court erred in refusing to consider his partnership agreement with Falcon in dividing the contingency fee between the two parties. We agree. Parties to attorney fee controversies are entitled to present evidence of the agreements governing their relationships. See Scurto v. Siegrist, 598 So.2d 507 (La.App. 1st Cir.1992). On remand, the parties are entitled to an opportunity to present all evidence concerning the proper division of the fees, including the partnership agreement.
602 So.2d at 99.
On remand, Stegeman filed a motion for summary judgment arguing that the entire attorney's fee should be divided in accordance with the letter agreement providing for two-thirds of all profits to go to Stegeman and one-third to go to Falcon. In response, Falcon filed, not only an opposition, but also a cross-motion for summary judgment seeking division of the attorney's fee on a quantum meruit basis and, relying on the trial court's previous decision after trial, seeking to have that division made as 98% for Falcon and 2% for Stegeman.
The trial court resolved the cross-motions for summary judgment by holding that the attorney's fee first would be apportioned between Falcon and the partnership based upon the proportions of the work on Brennan's case that were done after, as opposed to before, the dissolution of the partnership. The attorney's fees apportioned to the period prior to the dissolution of the partnership would then be divided, in accordance with the *431 letter agreement, one third to Falcon and two-thirds to Stegeman. The attorney's fees apportioned to the period after the dissolution of the partnership would belong to Falcon.
Specifically, the trial court's March 3, 1993 "Reasons For Judgment On Motion For Summary Judgment" state, in pertinent part:
Thus, this Court holds that:
(1) The partnership is entitled to a portion of the attorneys fees in this matter, which portion is determined on a quantum meruit basis by comparing the legal work expended by the partnership in proportion to the total legal work performed in this matter;
(2) The fees earned by the partnership are to be divided in accordance with the partnership agreement, that is, two-thirds to Stegeman and one-third to Falcon;
(3) Any fees earned as a result of legal work performed after the dissolution of the partnership are the property of the attorney earning them, in this case, Falcon.
The Court has rendered a partial summary judgment, ruling that the legal fees at issue in this matter are to be divided on a quantum meruit basis between the partnership and Falcon. To be more specific, the court, at the trial of this matter, will determine the percentage of all legal work involved in this litigation extended by Stegeman and Falcon before the dissolution of the partnership and apportion the fees to the partnership in accordance with that percentage. Those fees will then be distributed in accordance with the partnership agreement: two-thirds to Stegeman and one-third to Falcon. The remaining fees, that is, the percentage attributable to Falcon's efforts after the dissolution of the partnership, will be distributed to Falcon.
As to the factual determination of the percentage of work which was performed before and after the partnership's dissolution, this Court is confident that it has before it all of the evidence necessary to make that determination. However, summary judgment is not a substitute for trial. There are factual issues involved to which either party may which to present evidence.
The trial court's "Judgment On Motions for Summary Judgment" states:
IT IS ORDERED, ADJUDGED AND DECREED that the Motions for Summary Judgment filed by the Intervenor, Russell Stegeman, and the Defendant-in-Intervention, Timothy J. Falcon, are hereby granted in part, and the legal fees at dispute herein will be apportioned as follows:
A) The legal fees involved herein and which are the subject of the Intervention by Russell Stegeman shall be apportioned on a quantum meruit basis between Timothy J. Falcon and the general partnership formerly consisting of Russell Stegeman and Timothy J. Falcon;
B) The legal fees apportioned to the general partnership formerly consisting of Russell Stegeman and Timothy J. Falcon shall be apportioned in accordance with the partnership agreement, with two-thirds being apportioned to Russell Stegeman and one-third to Timothy J. Falcon;
IT IS FURTHER ORDERED that the Motions for Summary Judgment filed by the Intervenor, Russell Stegeman, and the Defendant-in-Intervention, Timothy J. Falcon, are hereby denied in all other respects.
The appeal presently before us is Stegeman's appeal of the above-quoted trial court judgment of March 3, 1993. Falcon argues that the March 3, 1993 judgment is an interlocutory judgment that does not threaten irreparable harm and, therefore, it is not immediately appealable. We agree.
Judgments are either interlocutory or final and the distinction between the two is that a judgment that determines "the merits in whole or in part" is a final judgment whereas a judgment that decides "only preliminary matters in the course of the action" is an interlocutory judgment. La.Code Civ. Proc. art. 1841. An appeal may be taken from a final judgment, an interlocutory judgment "which may cause irreparable injury" and from certain reformed judgments. La. Code of Civ.Proc. art. 2083.A. As the March 3, 1993 trial court judgment does not threaten irreparable injury and is not a reformed *432 judgment it is appealable only if it is a final judgment.
The trial court's March 3, 1993 judgment did not resolve all of the issues of the intervention. While the March 3, 1993 judgment did resolve some legal issues, it clearly did not make the actual quantum meruit allocation of the attorney's fees between the partnership and Falcon. In fact, the trial court's reasons for judgment expressly determine that the allocation cannot be done by summary judgment but must be done by trial.
A judgment may be "final", even though it does not resolve all of the issues in a case, in certain circumstances. La.Code Civ.Proc. art. 1915. The only one of those circumstances arguably applicable to the present case is the situation in which the trial court "[g]rants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D)." La.Code Civ. Proc. art. 1915(3). Thus, with an exception clearly not applicable to the present case, a judgment granting a motion for summary judgment is immediately appealable. However, a denial of a motion for summary judgment is not appealable. La.Code Civ.Proc. art. 968.
A party may file a motion for summary judgment "for all or part of the relief for which he has prayed". La.Code Civ.Proc. art. 966.A (emphasis added).
Motions for partial summary judgment are granted for less than all the relief prayed for, however, "it is essential to the validity of a summary judgment that at least some of the relief prayed for by one of the parties is granted." Landry v. John E. Graham & Sons, Inc., 533 So.2d 975, 976 (La.App. 1st Cir.), writ denied, 534 So.2d 431 (La.1988), cert. denied, 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989); Katz v. Brian Investments Ltd., 542 So.2d 48 (La.App. 4th Cir.1989).
O'Rourke v. Hilton Hotels Corp., 560 So.2d 76, 80 (La.App. 4th Cir.) (emphasis added), writ denied, 567 So.2d 1107 (La.1990).
La.Code Civ.P. art. 966 provides in pertinent part:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. (Emphasis added.)
It is clear that a summary judgment may grant less than all of the relief prayed for. La.Code Civ.P. arts. 968 and 1915. However, a summary judgment must grant at least some of the relief prayed for by one of the parties. La.Code Civ.P. art. 966; Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978); Beckham v. Hartford Accident and Indemnity Co., 137 So.2d 99 (La.App. 3d Cir.1962).
Dryades Savings and Loan Ass'n v. Lassiter, 400 So.2d 894, 896 (La.1981) (emphasis added).
LSA-C.C.P. art. 966 A provides in part that:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. (Emphasis added).
It is clear from a reading of these articles, as well as the jurisprudence interpreting them, that summary judgment may be granted for less than all of the relief for which the party prays. However, it is essential to the validity of a summary judgment that at least some of the relief prayed for by one of the parties is granted. LSA-C.C.P. arts. 1915, 966. Dryades Sav. and Loan Ass'n v. Lassiter, 400 So.2d 894 (La.1981). See also Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir.1987); Pizzolato v. Field, 441 So.2d 1248 (La.App. 1st Cir.1983); Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir.1982), writ denied 420 So.2d 444 (La. 1982); Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978).
Landry v. John E. Graham & Sons, Inc., 533 So.2d 975, 976 (La.App. 1st Cir.) (emphasis added), writ denied, 534 So.2d 431 (La.1988).
In the present case, both Stegeman and Falcon prayed for relief in the form of an award of a portion of the attorney's feei.e. a money judgment. The March 3, 1993 judgment *433 did not award money to either Falcon or Stegeman. In fact, before the trial court would be in a position to award money to Falcon and/or Stegeman, it would first have to make the quantum meruit allocation between Falcon and the partnership called for by the March 3, 1993 judgment and reasons for judgment. (We are not, in the present appeal, addressing the question of whether or not the trial court should decide the case using a quantum meruit basis. We simply are pointing out that, under the legal theory set out in the March 3, 1993 judgment and reasons for judgment, it will be necessary for the trial court to make the quantum meruit allocation before it can award money to either Falcon or Stegeman.) Thus, it is quite evident that the March 3, 1993 judgment did not grant any of the relief (i.e. money) sought by either Falcon or Stegeman. It is true that the March 3, 1993 judgment did resolve some legal issues and that resolution will affect the relief that the trial court eventually gives to Falcon and Stegeman (i.e., the money it awards to Falcon and/or Stegeman) but a judgment resolving underlying issues as to a claim for money, which judgment does not actually award any of the money claimed or determine that any of the money claimed will necessarily not be awarded, does not grant "relief" and cannot be considered a "summary judgment". E.g., Howell v. American Casualty Co., 585 So.2d 647 (La.App. 4th Cir.1991) (partial summary judgment on issue of insurance policy limits, while issues of liability and quantum of damages remain, held: not applicable); Landry, supra (determination of seaman's status not "relief" in suit for money damages for personal injury). See also Everything On Wheels v. Subaru South, Inc., 616 So.2d 1234, 1241 n. 12 (La. 1993) (dicta).
We do not disapprove of the substance and intent behind the trial court's March 3, 1993 decision. That decision deals with legal issues important to the case and, evidently, the parties agree that the facts relevant to those issues actually decided by the March 3, 1993 decision are undisputed. It arguably was useful and certainly reasonable for the trial court to announce to the parties its' view as to the proper resolution of those issues. However, the March 3, 1993 decision does not constitute a "summary judgment" and, thus, is not "final" on that basis. As there is no other even arguable basis on which the March 3, 1993 decision might be "final", it is not immediately appealable. The parties may include the March 3, 1993 judgment in a future appeal from a final judgment.
For the foregoing reasons, the appeal is DISMISSED without prejudice.