673 So.2d 1000 (1996)
Yvonne BLANCHARD et al.,
v.
The STATE of Louisiana, through the PARKS AND RECREATION COMMISSION et al.
No. 96-CA-0053.
Supreme Court of Louisiana.
May 21, 1996.
*1001 David Charles Laborde, Lafayette, Charles T. Williams, Jr., New Orleans, John Elliott Baker, Metaire, for Applicant.
David Benoit, Breaux Bridge, for Respondent.
LEMMON, Justice[*].
This is a direct appeal to this court by the State of Louisiana, through the Parks and Recreation Commission, from a judgment that declared La.Rev.Stat. 9:2798.1 unconstitutional. Because the trial judge erred in ruling on the constitutionality of the statute before determining whether the statute applied in this particular case, we reverse the judgment and remand for further proceedings.
Larry Blanchard was struck by lightning while under a shelter at Cypremort Point State Park. His wrongful death beneficiaries filed the instant action against the State, alleging negligence in the design and construction of the shelter. Plaintiffs contended that the structure was unreasonably dangerous in that it failed to provide adequate protection against lightning in an area of frequent thunderstorm activity. The architect and the contractor were joined as defendants.
The State filed an exception of no cause of action, asserting that it was immune from liability in tort, under the facts alleged in the petition, because La.Rev.Stat. 9:2798.1 provides immunity to the state and political subdivisions for discretionary actions or inactions. The trial judge overruled the exception, and the State did not seek review of that interlocutory judgment.
Plaintiffs then filed a motion in limine, seeking a pretrial ruling on the constitutionality of La.Rev.Stat. 9:2798.1. The trial judge granted the motion and declared the statute "unconstitutional as a resurrection of the doctrine of sovereign immunity which is repugnant to Louisiana Constitution Article *1002 XII, Section 10." Because the judgment declared a statute unconstitutional, the State was entitled to and sought a direct appeal to this court. La. Const. art. V, § 5(D).
The State first contends that the trial judge erred in ruling prematurely on the constitutionality of La.Rev.Stat. 9:2798.1, arguing that courts should address constitutional issues only when it is necessary to do so. The State asserts that the trial court should have ruled first on the applicability of Section 2798.1, since it will not be necessary to reach the constitutional issue if the court determines that Section 2798.1 is inapplicable under the facts of this case.
Courts are generally reluctant to address the constitutionality of legislation unless required to do so by the case and the issues then before the court. Matherne v. Gray Ins. Co., 95-0975 (La. 10/16/95), 661 So.2d 432. A question of constitutional law should never be anticipated in advance of the necessity of deciding it. Communist Party of U.S. v. Subversive Activities Control Bd., 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (citing Liverpool, New York & Philadelphia S.S. Co. v. Commissioners, 113 U.S. 33, 5 S.Ct. 352, 28 L.Ed. 899 (1885)); Arizona v. California, 283 U.S. 423, 51 S.Ct. 522, 75 L.Ed. 1154 (1931). Courts should not pass on the constitutionality of legislation unless it is essential to the decision of the case or controversy. White v. West Carroll Hosp., Inc., 613 So.2d 150 (La.1992). Hence, courts should avoid constitutional rulings when the case can be disposed of on the basis of nonconstitutional issues.
Plaintiffs, although not disagreeing with the foregoing jurisprudence, contend that the trial judge did rule that La.Rev. Stat. 9:2798.1 was inapplicable under the facts of this case when the judge overruled the exception of no cause of action that had been pleaded on the basis of the immunity provided by that statute. We disagree. The trial judge's overruling of the exception was simply thata decision not to grant the exception for whatever reason. It was an interlocutory judgment that was not appealable under La.Code Civ.Proc. art. 2083 because it did not cause irreparable injury, since the error as a practical matter could be corrected on appeal. Herlitz Constr. Co. v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981). We conclude that the trial court's overruling the exception of no cause of action was not a definitive ruling by the trial court that La.Rev.Stat. 9:2798.1 was inapplicable under the facts of this case.
However, the trial court, after overruling the exception, should have proceeded to trial on the merits, instead of addressing prematurely the constitutionality of La.Rev. Stat. 9:2798.1. We therefore reverse the judgment and remand the case to the trial court for trial on the merits. If the trial judge determines at the trial on the merits that La.Rev.Stat. 9:2798.1 is applicable under the facts of this case, then the question of the constitutionality of that statute will be squarely presented and should be ruled upon at that time.
For these reasons, the judgment of the trial court declaring La.Rev.Stat. 9:2798.1 unconstitutional is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion.
NOTES
[*] Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated "not on panel" under Rule IV, Part II, § 3. Panel included Chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.