762 So.2d 640 (2000)
Patrick GRANGER and Linda Granger
v.
Scott S. GUILLORY, et al.
No. 00-363.
Court of Appeal of Louisiana, Third Circuit.
April 26, 2000.
Thomas Fitzgerald Porter, IV, Aaron Wayne Guidry, Porter, Denton & Guidry, Lafayette, Louisiana, Counsel for Plaintiffs/Appellees.
Gracella Gail Simmons, Keogh, Cox & Wilson, Lafayette, Louisiana, Troy Aaron Broussard, Allen & Gooch, Lafayette, Louisiana, Keith Michael Borne, Borne, Wilkes & Brady, Lafayette, Louisiana, Kenneth David St. Pé, Guilliot & St. Pé, Lafayette, Louisiana, Counsel for Defendants/Appellees.
(Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS and BILLIE COLOMBARO WOODARD, Judges).
YELVERTON, Judge.

ORDER
This court, sua sponte, issued a rule to show cause why the above captioned appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment. Appellant, Scott S. Guillory, filed a brief in response to this rule on April 6, 2000. For the reasons given below, we dismiss the appeal.
The instant suit and a companion case which is not on appeal arise out of a vehicular collision which occurred on or about March 14, 1997. On this date, the vehicle being driven by plaintiff Linda A. Granger, in which her husband, plaintiff Patrick Granger, was riding as a guest passenger, struck at least one of two horses which allegedly belonged to Guillory. The Granger vehicle was then struck in the rear by another vehicle which was being driven by defendant Bryant A. Rivette.
In the course of this litigation, Guillory filed a motion for summary judgment. The trial court signed a written judgment denying this motion on November 24, 1999. The judgment stated, "FURTHER, the Court, having considered all relevant factors, makes the express determination that there is no just reason for delay of an immediate appeal of this Summary Judgment and hereby designates and certifies that this Summary Judgment is final for the purpose of an immediate appeal under Article 1915(B) of the Louisiana Code of Civil Procedure."
The trial court signed an order on December 29, 1999, granting Guillory a devolutive *641 appeal from the judgment of November 24. After the record in this appeal was lodged in this court, a rule to show cause why the appeal should not be dismissed as having been taken from a nonappealable, interlocutory order was issued ex proprio motu on March 21, 2000.
The trial court's rendition of judgment certifying the denial of the motion for summary judgment as an appealable order was ineffectual. While certification is allowed under Article 1915 of partial judgments which grant a motion for summary judgment, this statute does not authorize the certification of a judgment denying a motion for summary judgment. See Brown v. Coregis Insurance Co., 99-48 and 99-49 (La.App. 1 Cir. 2/18/00); 752 So.2d 347. Accordingly, we hereby dismiss the instant appeal. Costs of this appeal are assessed to appellant.
APPEAL DISMISSED.