853 So.2d 684 (2003)
Janean CLARK
v.
LEGION INSURANCE COMPANY, Coleman Cab Company, Rolins Cab Service And Shahid Abbasi.
No. 2002-CA-2487.
Court of Appeal of Louisiana, Fourth Circuit.
July 23, 2003.
*685 Frank M. Buck, Jr., New Orleans, LA, for Plaintiff/Appellee.
Randall L. Kleinman, Hulse & Wanek, New Orleans, LA, for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR.
MICHAEL E. KIRBY, Judge.
Mercury Insurance Company ("Mercury") appeals the trial court's denial of its motion for summary judgment. Because no appellate jurisdiction lies from a trial court's denial of a motion for summary judgment, this appeal must be dismissed.
FACTS AND PROCEDURAL HISTORY
This suit arises out of a pedestrian/automobile accident that occurred in the French Quarter on July 29, 1998. The plaintiff, Janean Clark ("Clark"), a California resident, was vacationing in New Orleans at the time of the accident. According to the plaintiff's petition, she was a pedestrian crossing the intersection of Decatur and St. Louis Streets when suddenly and without warning she was struck by a 1985 Lincoln owned by Coleman Cab Company ("Coleman") and/or Rollins Cab Service ("Rollins") and operated by Shahid Abbasi ("Abbasi").
On July 15, 1999, plaintiff filed suit in Civil District Court for the Parish of Orleans against Coleman, Rollins, Abbasi, and Legion Insurance Company ("Legion"), the alleged liability insurer of Coleman and/or Rollins. Several months later, Mercury Insurance Company, plaintiff's uninsured/underinsured motorist ("UIM") insurer, was named as an additional defendant.
By judgment dated February 2, 2000, Rollins was dismissed from the suit, with prejudice, upon the trial court's grant of its motion for summary judgment, which had been unopposed by plaintiff. Later, on June 29, 2001, the trial court signed an order dismissing plaintiff's suit, with prejudice, as to Coleman, Rollins, Abbasi, Estavan Carter[1], and Legion, upon plaintiff's filing of a motion for partial dismissal wherein she stated that she had settled with those defendants. The order reserved plaintiff's right to proceed against Mercury.
Mercury filed a motion for summary judgment on January 11, 2002 urging the trial court to dismiss all claims against it based upon the application of California law to the dispute. Therein, Mercury claimed that the following facts were undisputed: (1) that plaintiff was a resident of California at the time of the accident, (2) that plaintiff had never permanently resided in Louisiana, (3) that the policy issued by Mercury to the plaintiff was issued and delivered in California, (4) that the Legion policy provided liability coverage to the tortfeasors, Coleman, Rollins, Abbasi, and Carter, in the amount of $25,000, and (5) that plaintiff had settled her claim against the tortfeasors for $24,250. Mercury argued that its policy stipulated that all disputes were to bed pursuant to the laws of California, and under those laws, the failure of judge plaintiff to settle for the tortfeasors' full policy limits precludes any claim against her UIM insurer. Alternatively, Mercury claimed that even if the court were to ignore the choice of law provision in its policy, Louisiana's conflicts of law rules dictate that California law should be applied to this matter, thereby *686 requiring the dismissal of plaintiff's claims against it for her failure to settle for the tortfeasors' full policy limits.
Plaintiff opposed Mercury's motion for summary judgment arguing that Louisiana law and public policy favor settlement, as well as the right of victims of accidents occurring in Louisiana to get full recovery, and that imposing California's law of an "all or nothing" settlement with the tortfeasors would go against this state's law and strong public policy.
Following a contradictory hearing on September 20, 2002, the trial court rendered judgment on October 10, 2002, denying Mercury's motion for summary judgment. The judgment provided, however, that "[a]lthough the Judgment does not dispose of all of the claims, the Court expressly determines that there is no just reason for delay and hereby designates this judgment as a final judgment pursuant to Article 1915(B) of the Louisiana Code of Civil Procedure." This timely appeal followed.
DISCUSSION
The initial issue that we must address in this appeal is whether the trial court's October 10, 2002, judgment is a final judgment for the purpose of an immediate appeal.
To facilitate resolution of this issue, we issued an order on January 28, 2003, directing Mercury to show cause within ten days "why this appeal should not be dismissed on the grounds that the judgment sought to be appealed is a non-appealable interlocutory judgment, not subject to being designated under La. C.C.P. 1915(B) as a final judgment by the trial court." The order directed the plaintiff to file a response within twenty days.
On February 18, 2003, Mercury filed a response to our show cause order. Therein Mercury admitted that La. C.C.P. art 968[2], which precludes appeals from the denial of a motion for summary judgment, might apply. Nevertheless, Mercury argues "it appears that the Supreme Court has refused to apply this stricture when the judgment has been certified as final pursuant to Article 1915 of the Code of Civil Procedure", citing Williams v. Watson, XXXX-XXXX (La.10/16/01), 798 So.2d 55, as an example. In Williams, the Supreme Court granted certiorari to review our having affirmed the denial of a motion for summary judgment, which judgment had been certified as final for purposes of immediate appeal under La. C.C.P. art.1915. The Court stated that it was granting certiorari to resolve a conflict among the circuits concerning an insurance coverage issue. Mercury claims that this court's prior decisions relating to the conflicts of law issue presented in this appeal are not consistent, thereby requiring reconciliation and justifying our entertaining of this appeal. Compare Plyman v. Strain, 97-1169 (La.App. 4 Cir. 11/19/97), 702 So.2d 1204, with Dekeyser v. Automotive Cas. Ins. Co., 97-1251 (La.App. 4 Cir. 2/4/98), 706 So.2d 676.
Mercury further submits that the administration of justice would be furthered *687 by our entertaining this appeal now, because if we reverse the trial court and hold that California law applies, plaintiff's case will be dismissed. Conversely, if we were to determine that Louisiana law should apply, that decision would be final and this court would then simply remand the matter to the trial court for a determination of liability and quantum.
Mercury next argues that this case falls within the precepts of Johns v. Jarimillo, 98-2577 (La.App. 4 Cir. 11/25/98), 724 So.2d 255, wherein we stated that whether a judgment is properly appealable should be determined on a case-by-case basis.
Finally, Mercury requests that this court consider this matter pursuant to our supervisory jurisdiction in the event we determine that we have no appellate jurisdiction. While acknowledging that this court expressly disapproved of the procedure of converting the appeal from a non-final judgment to a supervisory writ and then considering the merits in Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, Mercury points to language from our subsequent opinion in Evans v. Charity Hospital in New Orleans, 00-0202 (La.App. 4 Cir. 11/14/01), 801 So.2d 1192, wherein we stated that "[t]he Supreme Court's ruling in this case effectively has overruled this Court's decision in Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, in which it was held that this Court no longer would convert appeals from partial summary judgments that had not been certified as final by the district court to applications for supervisory writs."
Although the plaintiff/appellee did not file a separate formal response to this court's show cause order, she discussed the appealability of the judgment at issue in her appellee brief.[3] Plaintiff stated that counsel for her and for Mercury had discussed whether the judgment should be reviewed by supervisory writ or appeal. Plaintiff's counsel allegedly pointed out that there was jurisprudence to the effect that a denial of a summary judgment was non-appealable notwithstanding any agreement by the parties to the contrary or the inclusion of language in the judgment that it was a final judgment. According to the plaintiff, Mercury's counsel drafted a proposed judgment incorporating the designation of finality despite their earlier conversion.
Mercury's arguments are without merit. La. C.C.P. art. 968 could not be any clearer: an appeal does not lie from the court's refusal to render summary judgment. Moreover, there is a substantial body of caselaw to the effect that the denial of a motion for summary judgment is an interlocutory judgment that is not susceptible to being certified by a trial court as final for purposes of immediate appeal under La. C.C.P. art.1915. See Belanger v. Gabriel Chemicals, Inc., XXXX-XXXX (La.App. 1 Cir. 5/23/01), 787 So.2d 559, writ denied 802 So.2d 612 (La.); S.S. v. State, 00-953 (La.App. 3 Cir. 9/20/00), 771 So.2d 187; Granger v. Guillory, 2000-363 (La.App. 3 Cir. 4/26/00), 762 So.2d 640; Davis v. Specialty Diving, Inc., 98-0458, 98-0459 (La.App. 1 Cir. 4/1/99), 740 So.2d 666; Brennan v. Shell Offshore, Inc., 93-1525 (La.App. 4 Cir. 3/29/94), 635 So.2d 429. Nevertheless, we will address Mercury's arguments in favor of our maintaining this appeal.
A careful reading of both our opinion and that of the Supreme Court in *688 Williams reveals that Mercury's reliance on it is misplaced. First of all, the issue of appealability does not appear to have been raised by the parties, and we apparently accepted the trial court's certification of its judgment denying Allstate's motion for summary judgment as final and appealable without questioning the validity of that certification. Secondly, the Supreme Court specifically stated that it was granting certiorari to resolve a conflict among the circuits over an insurance coverage issue. Again, the issue of appealability of a denial of a summary judgment was not specifically discussed by the Court, other than its statement that the trial court had certified its judgment as final for purposes of immediate appeal under La. C.C.P. art. 1915.
Mercury's argument that the administration of justice would be furthered by our entertaining its appeal of the trial court's denial of its motion for summary judgment now, rather than after final judgment has been rendered adjudicating all of the claims, issues and theories as to all parties, is rejected for the reasons stated by this court in Jackson[4].
While Mercury is correct in its assertion that Johns was reviewed and cited with approval by this court in Jackson, we do not read Johns as broadly as does Mercury. A careful reading of Johns reveals that we held that a trial court's decision to certify a judgment as appealable should rest upon a case-by-case consideration. We did not say that an appellate court should exercise its appellate jurisdiction based upon a case-by-case consideration of the underlying issues involved in the matter sought to be appealed. Instead, we believe it better to have a bright line rule that no right of appeal lies from a trial court's denial of a summary judgment.
Likewise, while we understand Mercury's reliance on the language found in Evans, we recently rendered an opinion wherein we reaffirmed this court's continued adherence to Jackson and rejected jurisprudence to the contrary as no longer of precedential value. Miller v. Tassin, 2002-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782. Therein, we specifically stated that despite the language in Evans, "we find that the Supreme Court's remand in Evans did not effectively overrule this court's en banc decision in Jackson ...." Miller, 2002-2383, p. 8, 849 So.2d at 787.
Finally, we note that La. C.C.P. art.2083 provides that "an appeal may be taken from ... an interlocutory judgment which may cause irreparable injury...." The denial of a motion for summary judgment is an interlocutory decree that is not appealable absent a showing of irreparable injury. Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 6 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 698, citing Orleans Parish School Board v. Scheyd, Inc., 95-2653, p. 1 (La.App. 4 Cir. 4/24/96), 673 So.2d 274, 275. Irreparable injury exists in the context of an interlocutory judgment only where the error cannot be corrected on appeal following a determination of the merits. Blanchard v. State Through Parks & Rec. Comm'n, 96-0053 (La.5/21/96), 673 So.2d 1000. Mercury has not cited La. C.C.P. art.2083 in any of its arguments to this court, nor has it alleged that it will suffer irreparable injury in the event that we decline to exercise our power of supervisory jurisdiction to review this interlocutory ruling now. Requiring a party to go to trial generally does not *689 constitute irreparable injury turning an otherwise interlocutory order into an appealable one. Collins v. Prudential Ins. Co. of America, 99-1423 (La. 1/19/00), 752 So.2d 825, 830. Other than requiring that it go to trial, there has been no showing of how the denial of its motion for summary judgment will result in irreparable harm to Mercury.
CONCLUSION
For the foregoing reasons, the appeal of Mercury Insurance Company is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE.
NOTES
[1] We are unable to determine from the record who Estavan Carter is or his role in this matter, but that information is irrelevant to the merits of this appeal.
[2] La. C.C.P. art. 968, entitled "Effect of judgment on pleadings and summary judgment", provides as follows:

Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover's right to the relief not granted on motion.
An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment. [emphasis added]
[3] Plaintiff's appellee brief was filed on February 3, 2003, after we had issued the show cause order on January 28, 2003.
[4] As we discuss later in this opinion, the statement in Evans that the Supreme Court's remand in that matter effectively overruled our decision in Jackson, where we held that we would no longer convert appeals from partial summary judgments that had not been certified as final by the district court to applications for supervisory writs, was incorrect.