JAMES F. McKAY III, Judge.
11 This case arises out of an accident at Joe Bartholomew Municipal Golf Course in Pontchartrain Park where Johnny Crutch-field was struck by a golf cart driven by fellow golfer, James Parker. Mr. Crutch-field filed suit against Mr. Parker and the City of New Orleans. Mr. Parker’s insurer, State Farm Insurance Company, settled with Mr. Crutchfield for the policy limits. Mr. Crutchfield, however, contended that his damages exceeded this amount, so he sued his uninsured/underinsured motorist carrier, Liberty Mutual Insurance Company. Liberty Mutual moved for summary judgment seeking a declaration *732 that the golf cart was not an “uninsured motor vehicle” under the terms of the Liberty Mutual policy, and therefore Liberty Mutual provided no coverage to Mr. Crutchfield for his alleged injuries. The trial court denied the motion for summary judgment and Liberty Mutual appeals. The trial court certified the judgment as final pursuant to La. C.C.P. art.1915.
Because no appellate jurisdiction lies from a trial court’s denial of a motion for summary judgment, this appeal must be dismissed. Clark v. Legion Ins. Co., L2002-2487 (La.App 4 Cir. 7/23/03), 853 So.2d 684. The denial of a motion for summary judgment is an interlocutory judgment that is not susceptible to being certified by a trial court as final for purposes of immediate appeal under La. C.C.P. art.1915. Id. at 687; See also Brennan v. Shell Offshore, Inc., 93-1525 (La.App. 4 Cir. 3/29/94), 635 So.2d 429. Although La. C.C.P. art.2083 provides that an appeal may be taken from an interlocutory judgment which may cause irreparable injury, irreparable injury exists in the context of an interlocutory judgment only where the error cannot be corrected on appeal following a determination of the merits. Blanchard v. State Through Parks & Rec. Comm’n, 96-0053 (La.5/21/96), 673 So.2d 1000. That is not the situation in the instant case. Accordingly, the appeal of Liberty Mutual Insurance Company is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE.