ROLAND L. BELSOME, Judge.
 

 | tThis case arises from a denial of a motion for summary judgment filed by Defendant-Appellant Progressive Security Insurance Company (“Progressive”). For the reasons that follow, we dismiss the appeal and remand to the trial court for further proceedings.
 

 DISCUSSION
 

 In this case, the question presented to this Court is whether or not the denial of a motion for summary judgment is an ap-pealable issue. Pursuant to La. Code Civ. Proe. art. 968 and Louisiana jurisprudence, the denial of Appellant’s motion for summary judgment is an interlocutory judgment and is therefore not appealable. La. Code Civ. Proc. art. 968 provides as follows (emphasis added):
 

 Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover’s right to the relief not granted on motion.
 

 An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.
 

 12Moreover, this Court held in
 
 Clark v. Legion Ins. Co.,
 
 2002-2487, p. 6 (La.App. 4 Cir. 7/23/03)
 
 853
 
 So.2d 684, 687 that a denial of a motion for summary judgment is not an appealable judgment:
 

 La. C.C.P. art. 968 could not be any clearer: an appeal does not lie from the court’s refusal to render summary judgment. Moreover, there is a substantial body of caselaw to the effect that the denial of a motion for summary judgment is an interlocutory judgment that is not susceptible to being certified by a trial court as final for purposes of immediate appeal under La. C.C.P. art.1915.
 
 See Belanger v. Gabriel Chemicals, Inc.,
 
 2000-0747 (La.App. 1 Cir. 5/23/01), 787 So.2d 559,
 
 writ denied
 
 802 So.2d 612(La.);
 
 S.S. v. State,
 
 00-953 (La.App. 3 Cir. 9/20/00), 771 So.2d 187;
 
 Granger v. Guillory,
 
 2000-363 (La.App. 3 Cir. 4/26/00), 762 So.2d 640;
 
 Davis v. Specialty Diving, Inc.,
 
 98-0458, 98-0459 (La.App. 1 Cir. 4/1/99), 740 So.2d 666;
 
 Brennan v. Shell Offshore, Inc.,
 
 93-1525 (La.App. 4 Cir. 3/29/94), 635 So.2d 429.
 

 Clark, supra
 
 (emphasis added). This Court further noted that the issue of whether a judgment is appealable does not have to be raised by the parties.
 
 Clark,
 
 853 So.2d at 688. In
 
 Clark,
 
 as in the case
 
 sub judice, an
 
 insurer appealed the trial
 
 *1035
 
 court’s denial of its motion for summary judgment, which the trial court designated as final. The appeal was dismissed by this Court without prejudice.
 
 Id.
 

 CONCLUSION
 

 For the foregoing reasons, the appeal is hereby dismissed without prejudice and the matter is remanded to the trial court for further proceedings.
 
 [1]
 

 APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED.
 

 [1]
 

 . We acknowledge that this Court recently converted a similar procedural issue to a writ and exercised its supervisory jurisdiction in
 
 Kurz v. Milano,
 
 2008-1090 (La.App. 4 Cir. 2/18/09) 6 So.2d 916. In this case, we adhere to the mandates of La. C.C.P. art. 968 and Louisiana jurisprudence and dismiss the appeal.