PAUL A. BONIN, Judge.
| (Vincent Magallanes, a backseat passenger, sued Alabama Great Southern Railroad Company (“AGS”) and its train’s engineer for his injuries and damages arising from a collision between the train operated by AGS and the car in which he was riding.[1] AGS initially moved for summary judgment, which was denied. AGS then filed a motion for new trial and, after a hearing on the motion, the trial court reversed itself and dismissed the lawsuit against AGS and the engineer with prejudice. Mr. Magallanes devolutively appealed the dismissal, contending that (1) the trial court’s action was procedurally impermissible, and (2) genuine issues of material fact remain for a trier of fact to decide. For the reasons which follow, we reverse and remand the matter to the trial court.

Relevant Procedural History

Mr. Magallanes sued AGS under several theories of law: (1) that AGS failed to keep its track servitudes and adjacent area *987 free of obstructions;[2] (2) that 12AGS allowed its locomotive to be operated by an improperly trained or incompetent operator; (3) that AGS operated a train in violation of statutes and ordinances of the State of Louisiana and Parish of St. Bernard relative to operation of a locomotive; and (4) negligence. In 2004, the trial court granted partial summary judgments in favor of AGS on Mr. Magallanes’ claims that AGS failed to train the engineer to operate a locomotive properly, pursuant to 49 U.S.C. § 20101 et seq. of the Federal Railroad Safety Act, and that the train had been operated at an excessive rate of speed. Mr. Magallanes did not take an appeal from those judgments, nor did he assign any error regarding them in this appeal.
On August 2, 2006, AGS filed another motion for summary judgment, seeking dismissal of Mr. Magallanes’ claim that AGS failed to keep its servitude or right of way free of visual obstructions. Mr. Ma-gallanes opposed the motion, contending that material facts in dispute precluded summary judgment. On December 11, 2007, the trial court denied summary dismissal of Mr. Magallanes’ outstanding claims against AGS, which included, but were not limited to, allegations regarding the maintenance of a clear and unobstructed railroad track and its surrounding area. The trial judge’s Reasons for Judgment stated:
Although Plaintiffs case seems weak, at best, there exists [sic] questions of material fact to be determined at trial by a finder of fact. A determination must be made as to whether there existed visual obstructions which prevented an attentive driver from observing the approaching train. Here the photograph used as an exhibit shows a small sparse tree or shrub and an abandoned vehicle in the line of sight of on coming train traffic, either of which could have obstructed the view of the tracks and, perhaps more importantly, the view of the train operator(s). A finder of fact must determine whether a driver’s view andlor the railroad’s personnel view of the scene was obstructed. Comparative \ ¿negligence is another factor which can be resolved only upon a determination of certain disputed facts, (emphasis added).
AGS filed a Motion for New Trial/Rehearing. Mr. Magallanes opposed the request for a new trial. After a hearing on April 18, 2008, the trial court gave Mr. Magallanes ten days to supplement the record with evidence showing that a genuine issue of material fact existed which would bar summary judgment. Mr. Ma-gallanes submitted portions of two deposition transcripts, those of the engineer and the conductor.[3]
On January 15, 2009, after considering the parties’ arguments and briefs, the trial court granted the motion for new trial/rehearing[4] and at the same time granted summary judgment dismissing with preju *988 dice Mr. Magallanes’ remaining claims against AGS and Mr. Williams.

Procedural Error of the Trial Court’s Ruling on Motion for New Trial by AGS

Mr. Magallanes contends that the trial court committed error in considering the motion for a new trial and rendering a summary judgment as a result of its consideration of the motion for new trial. We agree. We have previously held that the motion for new trial pursuant to La. C.C.P. art. 1974 applies only to final judgments. Carter v. Rhea, 01-0234, p. 4 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025. Article 1974 reads:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
14 La. C.C.P. art. 1913 pertains only to final judgments.[5] A denial of a motion for summary judgment is an interlocutory judgment. Carter, id.; Clark v. Legion Ins. Co., 02-2487, p. 5 (La.App. 4 Cir. 7/23/03), 853 So.2d 684, 687, and cases cited therein; Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 6 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 698.
The improper use of the Article 1974 motion for new trial led to the very confusion about which Mr. Magallanes complains. He was surprised that the result of the hearing on the motion for new trial could be the granting of summary judgment. He argues that he did not understand that he was defending against the renewal of the motion for summary judgment, which motion has definite procedural requirements.[6]
The proper procedure for obtaining a reconsideration of the motion for summary judgment which has been denied is to re-urge the motion itself by re-filing it prior to trial. Young v. Dupre Transport Co., 97-0591 (La.App. 4 Cir. 10/1/97), 700 So.2d 1156, 1157. In his concurrence in Carter, supra, Judge Tobias noted:
[A] literal reading of La. C.C.P. art. 1974, authorizing motions for new trial, makes it applicable to final judgments only.... The majority makes our practice conform to the literal language of La. C.C.P. art. 194 and the jurisprudence from two other appellate circuits. ... Now, in order to accomplish the same result as a motion for new trial, one must file a brand new motion (with appropriate attachments) addressing the identical issue as a previous motion that resulted in an allegedly erroneous interlocutory degree.
Carter, 01-0234 at p. 6, 785 So.2d at 1026.[7]
| ¿This court permitted a motion for summary judgment to be re-urged by the defendants after it had been denied twice previously, noting that previous denials had no res judicata effect. Francioni v. Rault, 570 So.2d 36, 37 (La.App. 4 Cir.1990). See also Hargett v. Progressive Ins. Co., 08-0293, pp. 6-7 (La.App. 4 Cir. 10/29/08), 996 So.2d 1199, 1202.
Therefore, we conclude that the trial court erred as a matter of law when it *989 reconsidered its previous denial of summary judgment through the procedural vehicle of a motion for new trial and then rendered a final summary judgment dismissing Mr. Magallanes’ suit with prejudice. Accordingly, we reverse the granting of summary judgment and we remand the matter to the trial court.

Genuine Issues of Material Fact Negating the Propriety of Summary Judgment

Mr. Magallanes also assigned as legal error that genuine issues of material fact precluded the granting of summary judgment. We review a ruling on a motion for summary judgment de novo. Carsice v. Empire Janitorial, 08-0741, p. 2 (La.App. 4 Cir. 12/17/08), 2 So.3d 553, 554 (citing King v. Dialysis Clinic, Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180). Because we have already decided to reverse and remand on the procedural issue, we do not reach this substantive assignment of error.

CONCLUSION

We reverse the judgment of the trial court summarily dismissing Mr. Magal-lanes’ claims against AGS and Mr. Williams. We remand the case for appropriate proceedings in accordance with this reversal.
REVERSED AND REMANDED

. Other defendants include the owner of the property where the collision occurred, the State of Louisiana Department of Transportation and Development, the Parish of St. Bernard, the driver of the automobile, and his insurer. The La DODT has been dismissed with prejudice and that judgment is now final and unappealable.

.On March 18, 2002, Mr. Magallanes filed an amending and supplementing petition in which he substituted this allegation with "Failure to keep its right-of-way or servitude free of visual obstructions which would prevent automobile drivers exiting the Licciardi Trailer Park from seeing the approach of its trained [sic] upon its tracks crossing the exit from the said trailer park.”

. The conductor, Joan Williams, is the wife of the defendant engineer Ronald Williams.

. AGS argued that the trial court had insufficiently considered the application of federal pre-emption in determining whether there were genuine issues of material fact. See CSX Transportation v. Easterwood, 507 U.S. 658, 663-71, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993).

. La. C.C.P. art. 1914 treats interlocutory judgments.

. La. C.C.P. art. 966 provides requirements for notice and delays.

. As the Second Circuit observed in Winston v. Martin, 801 So.2d 389, 2000 WL 1358432 (La.App.2d Cir.9/21/2000), "a motion for new trial is a procedural device applying only to final judgments.” See also Edwards v. Daughterty, 95-702, p. 11 (La.App. 3d Cir. 1/10/96), 670 So.2d 220, 226, wherein a denial of a motion for summary judgment was noted to be interlocutory, not a final judgment, and thus not subject to being appealed.