SANDRA CABRINA JENKINS, Judge.
|, This matter involves a personal injury-suit arising out of an alleged automobile accident. Prior to trial, plaintiff filed a motion for partial summary judgment on the issue of liability, which the trial court granted in its March 19, 2015 judgment. ■Subsequently, the trial court granted defendants’ motion for new trial on the partial summary judgment. Plaintiff then re-urged the motion for partial summary judgment, which the trial court denied in its April 21, 2015 judgment. Then, on May 22, 2015, the trial court issued an order setting aside its April 21, 2015 judgment and reinstating its earlier March 19, 2015 judgment. Defendants now appeal the trial court’s May 22, 2015 order reinstating the March 19, 2015 judgment granting plaintiff’s motion for partial summary judgment on the issue of liability.
Finding that the trial court was without authority to set aside the April 21, 2015 judgment or reinstate the March 19, 2015 judgment, we vacate the trial court’s order and reinstate the April 21, 2015 judgment.
| .FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Lauren Condon, filed suit against Carol Logan and her automobile insurance provider, United Services Automobile Association, (collectively, defendants) for damages allegedly resulting from an automobile accident on March 25, 2011. On that date, plaintiff alleges that she was driving her vehicle, a 2002 Honda Accord, on the Pontchartrain Expressway when Carol Logan, while driving her 2002 Toyota Highlander,, struck the rear of plaintiffs vehicle. Plaintiff alleges that. Mrs. Logan was operating her vehicle in a' negligent manner thereby causing the automobile accident. Plaintiff further alleges that evidence of Mrs. Logan’s negligence is supported by the fact that Mrs. Logan was issued a traffic citation for “following too closely” by the New Orleans Police Department. As a result-of the accident, plaintiff allegedly sustained personal injuries for which she sought damages from defendants.
In their' -answer to plaintiff’s petition, defendants denied that there was a collision between Mr's. Logan’s vehicle and plaintiffs vehicle or that Mrs. Logan was negligent in the operation of her vehicle.
On January 30, 2015, plaintiff filed a motion for partial summary judgment on the issue of liability. In the motion, plaintiff stated that during the course of discovery plaintiffs counsel made multiple, unsuccessful attempts to take the sworn deposition of Mrs. Logan. Then, on or around October 15, 2014, plaintiffs counsel was informed by defendants’ counsel that Mrs. Logan had been diagnosed with Alzheimer’s disease and would be unable to testify in a deposition or at trial. Based on the information provided by defendants’ counsel, plaintiff argued that Mrs. Logan would be unable to offer testimony contradicting plaintiffs allegations regarding the accident and defendants could produce no other witness with | ..personal knowledge of the accident who could provide any countervailing testimony. Plaintiff further argued that defendants could not rebut the presumption of fault against Mrs. Logan who breached her duty of care- by- following too closely.[1] Consequently, plaintiff- argued that there were no- material facts in dispute regarding Mrs-.- Logan’s liability for causing the acci *781 dent and plaintiff was entitled to. summary judgment on the issue of liability as a matter of law. In support of the motion, plaintiff attached her sworn .affidavit attesting that Mrs. Logan was the following motorist who struck plaintiffs vehicle and was issued a citation for following too closely.
In opposition tó plaintiffs motion for partial summary judgment, defendants filed the affidavits of Mrs. Logan’s"'husband, Fred Logan, and her physician, Dr. Shibu Varguhese, and “ a written, signed statement from Mrs. Logan that was contained within the police accident report from March 25, 2011.[2] Defendants argued that despite Mrs. Logan’s inability to testify due to her dementia,' there is admissible evidence creating a genuine issue of material fact as to liability. Specifically, defendants argued that the affidavits establish Mrs. Logan’s unavailability to testify due to her dementia and, pursuant to La. C.E. art. 804(E),[3]- |4Mrs. Logan’s statements to her husband and her written statement from the accident report are admissible hearsay evidence that create- a genuine issue of material fact regarding liability and preclude summary judgment.
In reply to defendants’ opposition and the exhibits filed in support thereof; plaintiff filed a motion to strike the two affidavits, the police' accident report, and the written statement of Mrs. Logan. Plaintiff argued that none of the documents offered in opposition to the motion for partial summary judgment complied with the requirements of La. C.C.P. art. 967.[4] *782 With regard to Mr. Logan’s affidavit, plaintiff argued that his statements- regarding what Mrs. Logan told him about the events of March 25, 2011 were not based on personal knowledge. With regard to the police accident report and Mrs. Logan’s statement contained therein, plaintiff argued that the accident report was not sufficient summary judgment evidence | ^without ah affidavit from the investigating officer, and Mrs. Logan’s statement was not a sworn affidavit. Plaintiff further argued that the accident report and any statements contained therein was inadmissible hearsay evidence pursuant to La. C.E. art. 803(8)(b).[5] With regard to Dr. Varughese’s affidavit, plaintiff argued that defendants failed to timely disclose him as an expert witness, failed to provide his qualifications as an expert witness, and failed to attach the medical records and reports' in support of Dr. Varughese’s statements and diagnosis of dementia. Finally, plaintiff argued that -La. C.E. art. 804 is inapplicable to allow for the admission of the hearsay evidence submitted by defendants, because defendants failed to show that the, declarants are unavailable or that the hearsay evidence is trustworthy and failed to provide sufficient notice in advance of trial. Consequently, plaintiff moved to strike defendants’ exhibits and argued that defendants submitted no competent, admissible evidence in opposition to plaintiffs motion for partial summary judgment on the issue of liability.
Following a hearing on March 13, 2015, the trial court granted plaintiffs motion to strike defendants’ exhibits and granted plaintiffs motion for partial summary judgment on liability, declaring that Mrs. Logan struck plaintiffs vehicle and she was solely at fault for causing the accident. The trial court’s March 19, 2015 judgment granting plaintiffs motion for partial summary judgment was designated as final for purposes of an appeal.
On March 20, 2015, defendants filed a motion for new trial and argued'that plaintiffs deposition testimony, filed in support of, plaintiffs motion for partial | fisummary judgment, created a genuine issue of material fact as to, Mrs. Logan’s liability. Defendants also submitted the affidavit of Officer Ryan Fanguy who authored the March 25, 2011 accident report and attested to Mrs. Logan’s denial of the collision on that date. In consideration of defendants’ motion, the trial court granted defendants’ -motion for new trial in open court on March 27, 2015,[6] and set a new hearing oh plaintiffs motion for partial summary judgment.
On April 7, 2015, the trial court again heard arguments on plaintiffs motion for partial summary judgment and motion to strike defendants’ exhibits. Following the hearing, the trial court’s April 21, 2015 *783 judgment granted in part and denied in part plaintiffs motion to strike defendants’ exhibits and denied plaintiffs- motion for partial summary judgment.[7] . ,
On May 21, 2015, plaintiff filed a timely supervisory writ with this Court ■ seeking review of the trial court’s April 21, >2015 judgment. On the same date, in consideration of plaintiffs -writ, this Court requested a per curiam from the trial court. In response, on May 22, 2015, the trial court signed and submitted to this Court- an order setting aside and vacating its April 21, 2015 judgment denying plaintiffs motion for partial summary judgment and reinstating its March 19, 2015 judgment granting plaintiffs motion for partial, summary judgment. Based on the trial court’s May 22, 2015 order, plaintiff filed a motion to withdraw her |7supervisory -writ from this Court’s consideration. On May 26, 2015, this Court granted plaintiffs motion to withdraw the writ 'application.
In consideration of the trial court’s May 22, 2015 order setting aside and vacating its April 21, 2015 judgment and reinstating its March 19, 2015 judgment granting plaintiffs motion for partial summary judgment on the issue of liability, defendants filed a timely motion for suspensive appeal, which the trial court granted. Defendants’ timely appeal followed.
DISCUSSION
Before addressing the merits of the appeal, we briefly address this Court’s appellate jurisdiction in this matter. We note that the: trial court’s1 May 22, 2015 order was not designated as a final judgment.1 The record reflects that defendants filed a motion to designate it as a final judgment but the trial court signed the order as moot on May 29,- 2015, having previously signed- the order granting defendants’ motion for suspensive appeal on May 27, 2015. Despite the trial court’s failure to designate the May 22,2015 order as a final judgment, the March 19, 2015 judgment reinstated by the order was dés-ignated as a final judgment in accordance with La. C.C.P. art.- 1915 B.[8] Under the particular circumstances of this case, we find that the trial court’s order to reinstate the March 19, 2015 judgment, granting plaintiffs motion for . partial summary judgment, is a final, appealable judgment in accordance with La. C.C.P. art. 1915 B.
Turning to the merits of the appeal, defendants argue that the trial court acted without legal authority when it issued the May 22, 2015 order setting aside I «the April 21, 2015 judgment and reinstating the March 19, 2015 judgjnent that was previously set aside by the granting of defendants’ motion for new trial. We agree.
In this case, the trial court set aside "and vacated its March 19, 2015 judgment granting plaintiffs motion for partial summary judgment on liability1 when it granted defendants’ motion for new trial. The granting of a new trial has the effect *784 of vacating and setting aside the original judgment. See Wilson v. Compass Dockside, Inc., 93-1860 (La.App. 4. Cir. 3/16/94), 635 So.2d 1171, 1173; Carrier Leasing Corp. v. Ready-Mix Companies, Inc., 372 So.2d 601, 603 (La.App. 4th Cir.1979). Thereafter, the. March 19, 2016 judgment could not be revived or reinstated; the original judgment is superceded by the granting of a new trial and the judgment rendered -from that new trial. See. In re Transit Management of Southeast Louisiana, Inc., 04-0632, p. 10 (La.App. 4 Cir. 10/20/06), 942 So.2d 695, 600-01.
After the trial court rendered and signed its April 21, 2015 judgment denying plaintiffs motion for partial summary judgment; the trial court had1 no authority on its own motion to recall, modify, or set aside that judgment. “It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law.” Bourgeois v. Kost, 02-2785, p. 7 (La.App. 4 Cir. 5/20/03), 846 So.2d 692, 696;’ see also Bates v. City of New Orleans, 13-1153, pp. 13-14 (La. App.3/26/14), 137 So.3d 774, 784. Although a trial court may order a new trial on its own motion, thereby setting aside a judgment, the procedural device of a motion for hew trial is applicable only to final judgments. See Magallanes v. Norfolk Southern Ry. Co., 09-0605, pp. 3-4 (La. App. 4 Cir. 10/14/09), 23 So.3d 985, 988; Carter v. Rhea, 01-0234, p. 5 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025. In addition, a trial court only has authority to grant a new trial, recall, modify or set aside a judgment within the time delays allowed for filing a motion for new trial, Horton v. Mayeaux, 05-1704, pp. 5-6 (La.5/30/06), 931 So.2d 338, 341; South Louisiana Bank v. White, 577 So.2d 349, 350 (La.App. 1st Cir.1991); see also La. C.C.P. art. 1974 (providing in pertinent part, “the delay for applying for a new trial shall be seven days, exclusive of legal holidays” from the notice of judgment).
In this case, however, the trial court on its own motion reconsidered its April 21, 2015 judgment denying plaintiffs motion for partial summary judgment — an interlocutory judgment — more than one month after signing the judgment. A judgment denying a motion for summary judgment is an interlocutory, nónap-pealable judgment “that is not susceptible to being certified by a trial court as final for purposes of immediate appeal under La. C.C.P. art. 1915.” Barber v. Russell, 08-1366, p. 2 (La.App. 4 Cir. 4/1/09), 9 So.3d 1033, 1034, quoting Clark v. Legion Ins. Co., 02-2487, p. 6 (La.App. 4 Cir. 7/23/03), 853 So.2d 684, 687; see Crutchfield v. City of New Orleans, Dept. of Parks and Parkways, 05-1485, pp. 1-2 (La.App. 4 Cir. 5/17/06), 932 So.2d 731, 732; Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 6 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 698. When a motion for summary judgment has been denied, the proper procedure for obtaining a reconsideration of that interlocutory judgment is for the moving party to re-urge the motion itself by re-filing it prior to trial.[9] Magallanes, 09-0605, p. 4, 23 So.3d at 988 (finding that the trial court erred as a matter of law when it reconsidered its |inprevious denial of summary judgment on its own motion for new trial and rendered a final summary judgment dismissing the suit with prejudice).
*785 In light of applicable law and procedure, we find the trial court erred as a matter of law by reconsidering, on its own motion, the April 21, 2015 judgment denying plaintiffs motion for partial summary judgment and setting aside that judgment. Moreover, the trial court lacked authority to reinstate the March 19, 2015 judgment previously vacated by the granting of the motion for new trial. Consequently, we vacate the trial court’s May 22, 2015 order and reinstate the April 21, 2015 judgment.
Defendants also assign as error the trial court’s granting of partial summary judgment on the issue of liability, and the trial court’s refusal to declare Mrs. Logan as unavailable to testify. Both of these determinations are part of the trial court’s March 19, 2015 judgment. As explained above, the March 19, 2015 judgment has been set aside. Once the trial court granted the motion for new trial, this Courtuwas thereby prohibited from reviewing the original judgment on the merits. Seé Wilson, 635 So.2d at 1176. This Court is limited to reviewing the judgment entered after the new trial. Id. In this case, however, neither-defendants or plaintiff seek review of the trial court’s April 21, 2015 judgment denying plaintiffs' motion for partial summary judgment; moreover, we do not have appellate jurisdiction over an interlocutory judgment denying a -partial motion for summary judgment. - See Barber, supra. Thus, we need not -address defendants’ .remaining assignments of error.
^CONCLUSION
For the reasons stated above, we vacate the trial court’s May 22, 2015 order and -reinstate the trial court’s April 21, -2015 judgment denying plaintiffs motion for partial summary judgment and granting in part and denying in part plaintiffs motion to strike defendants’ exhibits.
ORDER VACATED; APRIL 21, 2015 JUDGMENT REINSTATED

. Plaintiff argued that a duty is imposed on following motorists by La. R.S. 32:81(A), which provides, “[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and ttie traffic upon and the condition of the highway."

. In Mr.1 Logan's affidavit, he attests to the following: he has been married to Mrs. Logan for 56 years; on March 25, 2011, Mrs, Logan told him that she had been accused of rear-ending another vehicle but told him that there had been no collision; in early" 2013, Mrs. Logan began to exhibit signs and symptoms of dementia that have increased in severity and frequency since that time; and that Mrs. Logan's health condition prevents her from remembering or testifying to the events of March 25, 2011. Dr. Varguhese similarly attests in his affidavit that Mrs. Logan was diagnosed with dementia in August 2014 and the poor and worsening condition of : her health prevents her from remembering ,;and testifying to the events' of March 25, 2011. In Mrs. Logan’s written, signed statement from March 25, 2011, she states that .the car in front of her stopped very fast but she was able to put on her brakes immediately and stop without .coming in contact with the car in front of her. ;

. La. C.E. art. 804 provides in pertinent part,
A. Except as otherwise providéd by this Code, a declarant is “unavailable as a witness” when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the declar-ant:
(4) Is unable to be present or. to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause;
B. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
(6) In a civil case, a statement not specifically covered by any of the foregoing exceptions, if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement' and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it.

.La. C.C.P. art. 967 provides in pertinent part,
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competént to testify to the *782 matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. SWorn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

. La. C.E. art. 803 provides in pertinent part:
The following are not-excluded by the hearsay rule, even though the declarant is available as a witness:
(8)(b) Except as specifically provided otherwise by legislation, the following are excluded from this exception to the hearsay rulé:
(i) Investigative reports by police and other law enforcement personnel ...

. The trial court signed a judgment granting defendants’ motion for new trial oh April 21, 2015. , ,

. With regard to defendants’ exhibits, the trial court’s April 21, 2015 judgment granted plaintiff’s motion to strike the affidavit of Dr. Varughese and those portions of Mr. Logan’s affidavit that refer to Mrs. Logan's statements to him regarding the alleged accident; plaintiff’s motion to strike Mr. Logan’s affidavit was denied in all other respects;' the motion to strike Mrs. Logan’s statement, the accident ■ report, and Officer Fanguy's affidavit was denied. ■

. La. C.C.P. art. 1915 B provides in pertinent part, ”[w]hen a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, ...the judgment shall not constitute a final judgment unless it is designated by the court after an express determination that there is no just reason for delay.”

. We note that the April 21, 2015 judgment also granted in part and denied in part plaintiffs motion to strike defendants’ exhibits, which are pretrial, evidentiary rulings that do not determine the merits of the case. See La. C.C.P. art. 1841.