hGREMILLION, Judge.
Plaintiff-appellee, S.S., brings the instant suit on behalf of herself and as representative of the minor children, L.M.W., B.A.W, and C.L.W., due to the alleged rape of L.M.W. while in the custody of the defendant-appellant, Educational and Treatment Council, Inc.. Defendant-appellant, Educational and Treatment Council, Inc., is a private facility which contracts with the State to provide housing facilities for children in the care of the Department of Social Services. One of the facilities operated by the defendant-appellant is the Harbor House Juvenile Home, located in Lake Charles, Louisiana.
It is alleged that, while a resident of Harbor House, L.M.W. was enticed to the home of a male employee of Harbor House, where it is alleged that she was sexually molested by said employee. As a result of the alleged attack, L.M.W. became pregnant. The child was subsequently born with birth defects due to inadequate prenatal care.
On December 23, 1996, S.S. filed suit on behalf of herself and her minor children, L.M.W., B.A.W., and C.L.W. Made defendants were the State of Louisiana, through the Department of Social Services, and the Educational and Treatment Council, Inc.. Plaintiff-appellants’ claims" against the State sound in tort, while claims against the Educational and Treatment Council, Inc. are premised upon 42 U.S.C. § 1983. The suit was removed to federal court by Educational and Treatment Council, Inc., on September 26, 1997. The suit was subsequently remanded to the district court by order dated November 13,1997.
On October 15, 1999, Educational and Treatment Council, Inc., filed a motion for partial summary judgment seeking dismissal of all claims of S.S. individually and on behalf of L.M.W. for the actions of its employee. The defendant-appellant’s motion was heard, and subsequently denied, on February 22, 2000. On March 3, 2000, the trial court issued written judgment denying the motion, and certifying the matter as a final judgment pursuant to La.Code Civ. Pro. art. 1915(A)(3).
On March 21, 2000, the defendant-appellant, Educational and Treatment Council, Inc., filed a motion and order for appeal which was signed by the trial court on the same day. This Court issued a rule to show cause, sua sponte, on July 12, 2000, ordering Educational and Treatment Council, Inc., to demonstrate, by brief only, why the instant appeal should not be dismissed as having been taken |„from a non-appealable interlocutory judgment. Educational and Treatment Council, Inc., failed to respond to the rule to show cause issued by this Court. For the following reasons, defendant-appellant’s appeal is dismissed.
Although certification of a partial judgment granting a motion for' summary judgment is allowed under Article 1915, this does not authorize the certification of a judgment denying a motion for summary judgment. See Granger v. Guillory, 00-363 (La.App. 3 Cir. 4/26/00), 762 So.2d 640; Brown v. Coregis Insurance, 99-48 and 99-49 (La.App. 1 Cir. 2/18/00); 752 So.2d 347. As such, the instant appeal is dismissed at appellant’s cost.

APPEAL DISMISSED.