# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-763

**LINDA J. BURNS, LEON BURNS,
ELAINE M. LONG, MARSHALL LONG,
AND EVIE J. DIXON**

**VERSUS**

**TED AND DON COUVILLION, LOUISIANA
FARM BUREAU CASUALTY INSURANCE
COMPANY, BURTON P. DUPUIS, VICTOR
LACHNEY, PROGRESSIVE SECURITY
INSURANCE COMPANY, AUTOMOBILE
CLUB INTER-INSURANCE EXCHANGE AND
GEICO INDEMNITY COMPANY**

************

## APPEAL FROM THE
## TWELFTH JUDICIAL DISTRICT COURT
## PARISH OF AVOYELLES, NO. 2006-9327, DIVISION "B"
## HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE
************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,* Judges.

**AFFIRMED.**

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**W. Thomas Angers**
**1126 Coolidge Boulevard, Suite 205**
**Post Office Box 53502**
**Lafayette, Louisiana 70505**
**(337) 233-3268**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Linda J. Burns, Leon Burns, Elaine M. Long,**
**Marshall Long, and Evie J. Dixon**

**Cory P. Roy**
**Post Office Box 544**
**107 North Washington**
**Marksville, Louisiana 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Linda J. Burns, Leon Burns, Elaine M. Long,**
**Marshall Long, and Evie J. Dixon**

**Ian A. Macdonald**
**Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.**
**600 Jefferson Street, Suite 1600**
**Post Office Drawer 3408**
**Lafayette, Louisiana 70502-3408**
**(337) 262-9000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Progressive Security Insurance Company**

**Peter F. Caviness**
**Falgoust, Caviness, & Bienvenu, L.L.P.**
**505 South Court Street**
**Post Office Drawer 1450**
**Opelousas, Louisiana 70501-1450**
**(337) 942-5812**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Louisiana Farm Bureau Casualty Insurance Company**

**Michael Johnson**
**Johnson & Siebeneicher**
**Post Office Box 648**
**Alexandria, Louisiana 71309**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Automobile Club Inter-Insurance Exchange**

**Brian D. Cespiva**
**Gravel, Cespiva, & Wilkerson**
**Post Office Box 1792**
**Alexandria, Louisiana 71309-1792**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Automobile Club Inter-Insurance Exchange**

**Russell L. Potter**
**Stafford, Stewart, & Potter**
**Post Office Box 1711**
**Alexandria, Louisiana 71309**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **GEICO Indemnity Company and**
     **Economy Premiere Assurance Company**

**Michael Corry**
**Briney, Foret & Corry**
**Post Office Box 51367**
**Lafayette, Louisiana 70505-1367**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Burton Dupuis and Victor Lachney**

**Genovese, Judge.**

Plaintiffs, Linda J. Burns, Leon Burns, Elaine M. Long, Marshall Long, and Evie Dixon (collectively "Burns"), appeal the trial court's grant of summary judgment in favor of Defendant, Progressive Security Insurance Company (Progressive). For the following reasons, we affirm.

## FACTS

The present litigation arises out of an automobile accident which occurred on October 12, 2005, in Simmesport, Louisiana. Linda Burns was operating a vehicle, occupied by Evie Dixon and Elaine Long, on Louisiana Highway 1, preparing to make a left-hand turn, when she was rear-ended by a 1988 International 53500 farm vehicle bean truck, being operated by Burton Dupuis. At the time of the accident, Mr. Dupuis was in the course and scope of his employment with Victor Lachney and was engaged in bean harvesting operations. The farm truck being driven by Mr. Dupuis was owned by Ted and Don Couvillion and had been lent by them to Mr. Lachney on that particular occasion.

Burns filed suit against Progressive, among others, alleging that the policy of insurance issued by Progressive to Mr. Lachney provided coverage for the damages they sustained as a result of the negligence of Mr. Dupuis. Progressive admitted that it had issued a policy of insurance to Mr. Lachney, which policy provided coverage on a separate vehicle, but denied that coverage existed under the policy for the vehicle involved in the accident, the 1988 International 53500 farm vehicle, or for the driver of said vehicle, Mr. Dupuis.

Burns filed a motion for summary judgment on the issues of the liability of Mr. Dupuis and of coverage under the Progressive policy. Progressive filed a cross-motion for summary judgment relative to coverage. Following a hearing on April 13,

2009, the trial court denied Burns' motion for summary judgment on both issues raised therein. On the issue of coverage, the trial court found that there was no coverage under the Progressive policy for the accident at issue and granted summary judgment in favor of Progressive. Burns appealed.

## ASSIGNMENTS OF ERROR

Burns presents the following assignments of error for our review:

**Assignment of Error No. 1:**
The [d]istrict [c]ourt committed reversible error by issuing conflicting judgments[] on the issue of coverage by [Progressive].

**Assignment of Error No. 2:**
The [d]istrict [c]ourt committed reversible error by even considering a motion for summary judgment by Progressive, which it did on April 13, 2009, because the motion was not properly served and heard on April 13, 2009.

**Assignment of Error No. 3:**
The district court committed reversible error in holding that there is no competent evidence that Burton Dupuis was liable for the subject accident, although he probably would be found to be liable.

**Assignment of Error No. 4:**
The district court committed reversible error in not holding that the non-owned auto endorsement applied to provide coverage for the vehicle and the operator of the vehicle which caused the subject accident.

**Assignment of Error No. 5:**
The [d]istrict [c]ourt erred in applying the combined effect of Sections 6912, [1]890[,] and 1781 to Progressive's [p]olicy.

2

## LAW AND DISCUSSION

**Standard of Review**

The issues raised in the present appeal involve questions of law.[1] "We, therefore, must perform a de novo review of the record and determine whether the trial court's decision is legally correct." *Maynard v. Hatfield*, 10-162, p. 2 (La.App. 3 Cir. 6/2/10), 40 So.3d 1162, 1164, *writ denied*, 10-1531 (La. 10/1/10), __ So.3d __ (citing *Bailey v. City of Lafayette*, 05-29 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, *writs denied*, 05-1689, 05-1690, 05-1691, and 05-1692 (La. 1/9/06), 918 So.2d 1054, 1055).

**Conflicting Judgments**

In their first assignment of error, Burns asserts that the trial court erred in issuing conflicting judgments on the issue of insurance coverage under the Progressive policy. We disagree.

The record reflects that the trial court held a March 19, 2007 hearing on a motion for summary judgment filed on behalf of Progressive. The trial court denied Progressive's motion and signed a concomitant judgment on March 29, 2007. Progressive filed a subsequent motion for summary judgment on April 13, 2009, the grant of which is the subject of the present appeal. Burns argues, in brief, that because Progressive "did not take an appeal or writs on [the 2007] judgment" and "the issue of coverage had been previously reviewed by the [district] court[,] . . . . this court should consider the issue of coverage *res judicata* because of the failure to seek timely relief before this court on the issue of coverage."

_____

[1]The issue of liability raised in Burns' third assignment of error does not raise a question of law. However, for the reasons set forth below, we will not consider this assignment of error as it is not properly before us on appeal.

The denial of a motion for summary judgment is an interlocutory judgment. *See S.S. v. State*, 00-953 (La.App. 3 Cir. 9/20/00), 771 So.2d 187. Thus, an appeal cannot be taken from a trial court's denial of a motion for summary judgment. La.Code Civ.P. art. 968. While Progressive could have applied for supervisory writs, it was not required to do so. Moreover, there is no legal prohibition against a party re-urging a previously denied motion for summary judgment. *Belt v. Wheeler*, 36,585 (La.App. 2 Cir. 12/18/02), 833 So.2d 1256; *Melton v. Miley*, 98-1437 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, *writ denied*, 99-3089 (La. 1/7/00), 752 So.2d 867. Therefore, we find no merit to the first assignment of error.

**Hearing on Progressive's Motion for Summary Judgment**

In its second assignment of error, Burns contends that the trial court erred in hearing Progressive's motion for summary judgment "because the motion was not properly served and heard on April 13, 2009." We disagree.

The transcript reveals the following colloquy between the attorneys and the trial court at the opening of the hearing:

BY MR. MACDONALD:

I was just going to Your Honor[.] Mr. Angers and I filed cross[-]Motions for Summary Judgment on the exact same issue and agreed to waive service and so that the [c]ourt could take it up at this time.

BY THE COURT:

As to the issue on Progressive.

BY MR. MACDONALD:

Yes, sir.

BY MR. ANGERS:

Yes, sir.

Additionally, following discussions in open court and in chambers, the trial court stated the following:

BY THE COURT:

> Very good. Mr. Mac[d]onald your motion was just received so I am just going to sign it setting it for hearing today with the understanding that it is under advisement.

BY MR. MACDONALD:

> Thank you, Judge.

BY THE COURT:

> All right.
>
> . . . .

BY MR. ANGERS:

> Thank you, Judge.

Based upon the foregoing, we find that Burns expressly waived service of Progressive's motion for summary judgment; thus, they are precluded from now asserting on appeal that the motion was not properly served. For these reasons, we find no merit to this assignment of error.

**Liability**

The third assignment of error raised by Burns on appeal is that the trial court erroneously found "no competent evidence" of the fault of Mr. Dupuis. However, the issue of liability is not properly before this court for its consideration.

Burns, in their motion for summary judgment, raised the issue of the negligence of Mr. Dupuis. However, Burns' motion for summary judgment was denied by the trial court. As discussed above, an appeal cannot be taken from a trial court's denial of a motion for summary judgment. La.Code Civ.P. art. 968. We, therefore, do not

consider Burns' third assignment of error as it is not properly before us.

**Coverage**

The fourth and fifth assignments of error raised by Burns both encompass the issue of coverage under the Progressive policy. As such, we will discuss them together.

The crux of Burns' argument on the issue of coverage is that the Progressive policy contained Form No. 1890 (06/04), an Employers Non-Ownership Liability Endorsement, which provides that "[t]he definition of **insured auto** is modified to include a **non-owned auto** when **you** or any of **your** employees use the **non-owned auto** in **your** business." Applying the provisions of this endorsement, Burns concludes that the 1988 International 53500 farm vehicle involved in the accident is an insured auto, since Mr. Dupuis, an employee of Mr. Lachney, was using the vehicle in Mr. Lachney's business of harvesting beans. They conclude, therefore, that coverage exists under the Progressive policy for the damages they sustained.

To the contrary, Progressive maintains that "[t]he policy is not modified nor is there any indication that it is modified by Form No. 1890 (06/04)[,]" the Employers Non-Ownership Liability Endorsement. Particularly, Progressive notes that the Declarations Page specifically identifies those forms which do modify the policy. Although there are some forms delineated on the Declarations Page of Mr. Lachney's policy, notably absent therefrom is Form No. 1890 (06/04).

Differing pages or sections of the Progressive policy are identified by reference to a form number. The Declarations Page, which itself is Form 6489 LA (05/02), provides: "The policy contract is form 6912 (02/04). The contract is modified by forms 4852LA (04/05), 4881LA (04/05) and 4792LA (01/03)." The cover of the

6

policy, Form No. 1781 (02/05) LA, identifies the policy as a commercial auto insurance policy issued by Progressive, and provides, as follows:

## LOUISIANA
## COMMERCIAL AUTO
## POLICY AGREEMENT

**PLEASE READ YOUR POLICY AGREEMENT CAREFULLY.** Provisions of this Agreement and its endorsements restrict coverage. Be certain you understand all of the coverage terms, the exclusions and your rights and duties.

This booklet contains Form No. 6912 (02/04) and a section of selected endorsements.

**All forms in the endorsement section may not pertain to your policy.** Please refer to your Declarations Page for form numbers associated with your policy. All other parts of the policy that have not been modified by an endorsement will remain unchanged.

Following the Index of Policy Provisions is Form 6912 (02/04), consisting of the thirty-two pages of the policy contract. Next in sequence is an Index of Endorsements. Form No. 1890 (06/04), the Employers Non-Ownership Liability Endorsement at issue in this case, is listed on this index, among others, comprising a total of eight endorsements. Each of these endorsements then appear as set forth on the index.

Burns contends that all of the endorsements which follow the policy contract, including the Employers Non-Ownership Liability Endorsement, "are not optional endorsements or optional endorsements that may be selected." They reach this conclusion, despite the bold language on Form 1781 (02/05) LA which expressly notes that not all forms appearing in the endorsement section necessarily apply to a given policy, by negating Form 1781 in its entirety. It is Burns' position that "nothing in Endorsement Form 1781 can be considered effective unless Form 1781 is listed on the Declarations Pages, and it clearly is not." Their argument, however,

7

fails to distinguish between forms, endorsements, and modifications of the policy contract.

As described above, the differing pages or sections of the Progressive policy are identified by form numbers. Consistent therewith, the policy contract and each of the endorsements have a unique form number. While all endorsements have form numbers, not every page containing a form number is an endorsement. Those forms which are available endorsements are those eight forms listed on the Index of Endorsements; however, only those endorsements listed on the Declarations Page of the policy are applicable to the policy. Notably, however, Form 1781 (02/05) LA is not an endorsement, and Burns' characterization of it as "Endorsement Form 1781" is a mischaracterization. Moreover, Form 1781 (02/05) LA is not rendered ineffective by its failure to appear on the Declarations Page as Burns argues. Rather, it is only those forms, be they endorsements or otherwise,[2] that modify the policy contract that must be set forth and identified on the Declarations Page. Form 1781 (02/05) LA quoted above, which contains general information and introductory language, in no way modifies the policy contract.

"An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles." *Orazio v. Henderson*, 01-28, p. 2 (La.App. 3 Cir. 7/11/01), 790 So.2d 754, 755 (quoting *Ledbetter v. Concord Gen. Corp.*, 95-809, p. 3 (La. 1/6/96), 665 So.2d 1116, 1169, *amended on other grounds*, 95-809 (La. 4/18/96), 671 So.2d 915). Additionally, "[t]he contract has the effect of

---

[2]By illustration, not all of the forms identified on the Declarations Page of Mr. Lachney's policy are endorsements. Forms 4852LA (04/05) and 4881LA (04/05) are a Cancellation and Nonrenewal Endorsement and a Louisiana Amendatory Endorsement, respectively. However, Form 4792LA (01/03) is entitled Notice of Terrorism Insurance Coverage. Although it is not an endorsement, this form does modify the policy contract and, for this reason, is identified on the Declarations Page.

law for the parties. La.Civ.Code art. 1983." *Id.* When the language in an insurance contract is clear and explicit, no further interpretation may be made in search of the party's intent. *Hill v. Shelter Mut. Ins. Co.*, 05-1783, 05-1818 (La. 7/10/06), 935 So.2d 691. A court should not strain to find ambiguity where none exists. *Hebert v. Webre*, 08-60 (La. 5/21/08), 982 So.2d 770.

A review of Progressive's policy reveals clear and unambiguous language. The policy expressly notes in bold language that not all endorsements pertain to a given policy. Additionally, the forms which result in a modification of the policy contract are delineated on the Declarations Page. If a form, be it an endorsement or otherwise, that would modify the policy contract does not appear on the Declarations Page, the provisions of that form do not apply in that instance. In this case, the policy issued by Progressive to Mr. Lachney contains a Declarations Page that does not identify Form No. 1890 (06/04) as being a form that modifies the policy contract. Therefore, the Employers Non-Ownership Liability Endorsement does not apply to Mr. Lachney's policy, and the definition of an insured auto within the policy contract was not modified to include a non-owned auto used by Mr. Lachney or any of his employees in connection with Mr. Lachney's business.

We conclude, therefore, that Mr. Dupuis was not an insured under the Progressive policy and that the 1988 International 53500 farm vehicle was not an insured auto under the Progressive policy. Additionally, the Progressive policy was not modified by Form No. 1890 ((06/04), the Employers Non-Ownership Liability Endorsement, so as to provide coverage for a non-owned auto. Given these policy provisions, there remains no genuine issue as to any material fact and, as a matter of law, the Progressive policy did not provide coverage for Burns' damages.

9

Accordingly, we find no legal error in the trial court's grant of Progressive's motion for summary judgment on the issue of coverage.

**DECREE**

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Defendant, Progressive Security Insurance Company, dismissing the claims of Linda J. Burns, Leon Burns, Elaine M. Long, Marshall Long, and Evie J. Dixon, with prejudice. We assess all costs of this appeal to Linda J. Burns, Leon Burns, Elaine M. Long, Marshall Long, and Evie J. Dixon.

**AFFIRMED**.

.