NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1231

DR. MICKEY LEE PESHOFF, ET AL.

VERSUS

KENNETH R. BELANGER

**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18759
HONORABLE PENELOPE QUINN RICHARD, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED.

**Winfred Thomas Barrett, III**
**Attorney at Law**
**3401 Ryan Street, Suite 307**
**Lake Charles, Louisiana 70605**
**(337) 474-7311**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Dr. Mickey Lee Peshoff**
     **Elizabeth Mae Peshoff**

**Larry Arlen Roach  Jr.**
**Attorney at Law**
**2917 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 433-8504**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Kenneth R. Belanger**

**CONERY, Judge.**

Defendant, Kenneth R. Belanger (Belanger) appeals the trial court's judgment in favor of Plaintiffs, Dr. Mickey Lee Peshoff and Elizabeth Mae Peshoff (Peshoff). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Peshoff, entered into a series of written agreements (hereinafter referred to collectively as the contract) with Defendant, Belanger, wherein Belanger agreed to elevate and complete the construction of a prefabricated one story home for Peshoff. The parties agree that Peshoff wanted the home completed by June 1, 2010. The initial agreement was dated October 10, 2009, and was for the sum of $35,000. It provided that Belanger would clear the property where the house was to be located and another piece of property owned by Peshoff, do certain preparatory work including concrete work and pilings, and assemble and complete the outer shell of the home according to engineer-approved plans. The only materials provided by Belanger under this portion of the contract were the pilings and concrete. The costs of all other materials were to be the responsibility of Peshoff. The total amount of $35,000 under this portion of the contract was paid in full by Peshoff at the time the contract was executed. At trial, both parties testified that some of the trim work and some of the soffit work were never completed under this portion of the contract, and that there was a small crack in the concrete around one of the pilings.

The second written agreement required payment in the amount of $5,100, which was paid in full on December 4, 2009, when the agreement was executed. Peshoff testified that all work was performed under this portion of the contract.

The third written agreement was executed on January 21, 2010, and was in the amount of $2,900. Peshoff paid the total amount under this agreement at the time he

1

executed this portion of the contract. It provided that Belanger would construct a stairway from the ground level to the deck of the house at a cost of $2,500, and he would construct an elevated platform for the HVAC system at a cost of $400. It also provided that the materials would be purchased by Belanger and reimbursed by Peshoff. On February 1, 2010, Peshoff paid Belanger $650 for the materials for the stairway. Peshoff testified, and Belanger did not dispute, that although the stairway was begun, it was never completed by Belanger. Peshoff testified that he paid someone else $1,200 to build the stairway in order to access his home. The court noted at the time of trial that the stairway was still not complete because it had no railings. Belanger testified that he thought the cost to complete the stairway would be about $700.

The fourth and final written agreement was for a total of $58,000 and included all materials and labor. It was executed on March 9, 2010, and provided that the contractor would complete the interior of the shell home and install a septic system. According to this portion of the contract, Peshoff was to pay $29,000 at the time the fourth written agreement was executed, $16,000 when approximately 50% of the work was complete, and $13,000 as a final payment. Peshoff paid the initial payment of $29,000 and paid an additional $9,000 on May 19, 2010, for a total of $38,000. There was no testimony as to why the $9,000 payment was paid before it was due under the contract. Both parties agree that Belanger only installed sub-flooring and a vapor barrier under the agreement. According to Belanger's testimony, when he left the job, he had completed about 10% of the work on this portion of the contract with an estimated cost of about $5,000.

On Friday, June 11, 2010, Belanger went to Peshoff's office after business hours and presented various receipts to him for reimbursement. The receipts are dated

April 15, 2010, May 20, 2010, May 22 2010, May 23, 2010, May 24, 2010, May 25, 2010, May 26, 2010, June 3, 2010, June 8, 2010, and June 10, 2010, and totaled $1,466.02. According to Belanger's testimony, these receipts represented materials purchased under the *first* agreement, which was executed in October 2009, and under the *third* agreement, which was executed on January 21, 2010, and were due from Peshoff upon presentation. The trial court found that Peshoff had previously reimbursed Belanger for materials under both of these agreements in the amount of $10,824.47.

According to Peshoff, when Belanger presented these receipts, Peshoff was frustrated with the progress on his home and questioned the invoices. The home was to have been completed by June 1, 2011, and on June 11, 2011, when Belanger appeared at his office to demand payment on these relatively minor invoices, the home was nowhere near complete. Peshoff requested an accounting and wanted Belanger to meet with his attorney. Belanger testified that Peshoff refused to reimburse him for these invoices totaling $1,466.02. According to Belanger, Peshoff said that he was contacting an attorney and placing the home up for sale. Belanger testified that, after hearing Peshoff's threat, he contacted his attorney and, acting on his attorney's advice, Belanger immediately removed his tools from the job site. Belanger testified that his attorney advised him to present the receipts to Peshoff again on Monday, June 14, 2010, and, if Peshoff failed to pay, then Belanger should file a lien on Peshoff's property. According to Belanger, when the receipts were presented again on June 14, 2010, Peshoff continued to refuse to pay him. Belanger filed his lien the same day, and his attorney sent Peshoff a demand letter. Thereafter, on June 22, 2010, just eleven days later, Peshoff paid Belanger $1,506.02, $40.00 more than the

3

amount of the invoices.[1] Belanger claimed that Peshoff was in breach of the contract for failure to pay the invoices upon presentation and refused to return to the job site.

The parties and their respective attorneys met on or about July 27, 2010, to attempt to amicably resolve this matter. At that meeting, Belanger presented Peshoff with two additional invoices, and demanded payment prior to his return to the job site. Both invoices are dated July 27, 2010. Neither invoice/change order was signed by Peshoff as required under the initial contract. One, in the amount of $600, was for a temporary utility pole that Belanger installed at Peshoff's request. On August 1, 2010, Peshoff wrote Belanger a check in the amount of $437, the actual cost of the pole, without compensating him for his labor to install the pole. Because Peshoff acknowledged at trial that the utility pole was on his property and did not dispute that it was placed there at his request, the trial court awarded the balance of $163.00 to Belanger for his labor to install the pole.

The other invoice, in the amount of $3,025, was for tasks that Belanger claimed he performed on behalf of Peshoff, and were billed at an hourly rate of $50 per hour. Belanger testified that this invoice resulted from a verbal contract between him and Peshoff, who denied such an agreement. The initial contract that was prepared by Belanger states that "[a]ll changes shall be in writing, signed by owner and become part of this contract." Since the work done was not pursuant to a written agreement executed by Peshoff, the trial court found that Belanger failed to meet his burden of proof on this issue.

Peshoff filed suit on October 10, 2010, claiming breach of contract and seeking recovery of the amounts paid to Belanger for work that was never completed under

---

[1] Peshoff testified that he could not remember the reason for the $40 difference between the invoices and the amount paid.

the contract and the expenses incurred in having another builder finish the work. Belanger filed an answer and reconventional demand seeking the balance owed under the contract, attorney fees, costs, and damages for malicious prosecution. In addition, Belanger sought the amounts owed under the two additional invoices dated July 27, 2010, claimed to be due for labor under a verbal agreement with Peshoff.

After a full trial on the merits, the trial court issued written reasons and found in favor of Peshoff. In her written reasons, the trial court found that Peshoff was acting in good faith in making timely and advance payments under the contracts given the slow progress of the work being performed by Belanger:

> Mr. Belanger argues that Dr. Peshoff is in breach of the contract because he did not reimburse him for the materials when the receipts were presented to him on June 11th and June 14th. Exhibit A to the initial contract states, "upon presentation of receipt, owner shall reimburse contractor for materials and expense such as elevation shots, engineer etc." (See Plaintiffs' Exhibit #3). The court finds that Dr. Peshoff's eleven day delay of reimbursement of the materials is not unreasonable under the circumstances of this case. As of June 11, 2010, Dr. Peshoff had paid Mr. Belanger $81,000 for labor under the contract, and over $10,000 in reimbursements. As previously stated, Dr. Peshoff had paid an additional payment of $9,000 under the last contract before it was due, even though work had not been completed under the initial contract and the third contract. The court finds that Dr. Peshoff was acting in good faith in making timely and advance payments under the contracts given the slow progress of the work being performed by Mr. Belanger. Based on the progress of the job site, Dr. Peshoff was reasonable in asking for an accounting prior to reimbursing Mr. Belanger. Additionally, there is some question as to whether the receipts actually represents materials for this job, specifically the stairs. Further, Mr. Belanger testified that he was not financially harmed by the delay. Given the amounts of the contracts, the payments made by Dr. Peshoff as of June 11th, the dates of the receipts, the progress of the job site, and the small amount owed for reimbursement, it was unreasonable for Mr. Belanger to demand payment without an explanation of the expenses as requested by Dr. Peshoff. Thus, Dr. Peshoff's delay in reimbursing Mr. Belanger was not a breach of the contract. However, the court does find that Mr. Belanger's actions of presenting two additional invoices, one of which there is no evidence that the expenses were contemplated by the parties, and demanding payment prior to returning to the job site, is unreasonable and a breach of the contract. Therefore, the court is going to find for the plaintiff and award $600 for the unfinished soffit work; $1,200 for the stairs; and

5

$33,000 under the final contract; for a total of $34,800. This amount will be reduced/offset by the $163 that plaintiff owes Mr. Belanger for the utility pole.

Belanger has appealed the trial court's ruling arguing the following assignments of error:

I.

It is respectfully submitted that the trial court erred when it allowed the untimely filed affidavit of plaintiffs to be admitted into evidence at the hearing on defendant's motion for summary judgment and denied defendant's motion for summary judgment[.]

II.

It is respectfully submitted that the trial court erred when it did not allow proffered exhibits and rendered judgment in favor of plaintiffs and against the defendant in the amount of $34,800.00 less a credit to defendant in the amount of $163.00, and taxed all costs to defendant.

## DISCUSSION

### *Summary Judgment Issue*

The denial of a motion for summary judgment is an interlocutory judgment. Thus, an appeal cannot be taken from a trial court's denial of a motion for summary judgment. La.Code Civ.P. art. 968. *See also Burns v. Couvillion,* 10-763 (La. App. 3 Cir. 12/8/10), 53 So.3d 540 (citing *S.S. v. State,* 00–953 (La.App. 3 Cir. 9/20/00), 771 So.2d 187). Here, as in *Burns*, Belanger could have availed himself of supervisory writs, but the record does not indicate that he did so. As such, there is no basis for Belanger's first assignment of error.

### *Proffered Exhibits*

The first portion of Belanger's second assignment of error concerns the exclusion of proffered evidence. The trial court is granted vast discretion in its evidentiary rulings, which will not be disturbed on appeal absent a clear abuse of that discretion. *Caldwell ex rel. State v. Janssen Pharm., Inc.*, 11-1184 (La.App. 3 Cir. 8/31/12), 100 So.3d 865 (citing *Hays v. Christus Schumpert N. La.,* 46,408 (La.App. 2

Cir. 9/21/11), 72 So.3d 955). In the instant case, Belanger made proffers of three documents.[2]

We have reviewed the record and find that the trial court did not abuse its discretion in excluding the proffered exhibits. The three documents were prepared not by the parties, but by persons who had not been called to testify in this trial, and the documents were, therefore, hearsay. *See* La.Code Evid. art. 801. One of the documents, an insurance document, was also excluded as irrelevant. *See* La.Code Evid. art. 402. Another, a form letter from the State of Louisiana's Hazard Mitigation Grant Program that was not addressed to Peshoff, was excluded on the additional grounds of lack of foundation. *See* La.Code Evid. art. 901. We find no error in the trial court's exclusion of these documents.

### *Sufficiency of the Evidence*

Belanger's second assignment of error also raises the issue of the sufficiency of the evidence to support the trial court's judgment.

Because this is a contractual dispute, the following standards apply:

> Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown. However, when appellate review is not premised upon any factual findings made at the trial level, but is, instead, based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect. (citations omitted).

*Evangeline Parish Sch. Bd. v. Energy Contr. Servs. Inc.,* 617 So.2d 1259, 1265 (La.App. 3 Cir.), *writ denied,* 624 So.2d 1228 (La.1993) (quoting *Borden, Inc. v. Gulf*

---

[2] Belanger also sought to proffer certain testimony regarding settlement negotiations which the trial court excluded pursuant to La.Code Evid. art. 408. Belanger was granted the right to proffer the testimony at the end of trial, but never did so. Thus, there is nothing for this court to consider as to that would-be testimony.

*States Utilities Co.,* 543 So.2d 924 (La.App. 1 Cir.), *writ denied,* 545 So.2d 1041 (La.1989)).

In the instant case, the entire dispute was factual in nature. The trial court found factually that Peshoff did not breach the contract by questioning the invoices Belanger presented to him on June 11 and 14, 2010. Peshoff paid all previous amounts due under the contract as they became due, including reimbursements for the materials. In fact, as of June 11, 2010, he had paid $9,000 in advance of the most recent agreement. In light of the fact that Peshoff had paid significant sums, including some that were not yet due under the fourth contract, the trial court found his eleven day delay in reimbursing Belanger for a comparatively small amount for materials due under the first and third portions of the contract was not unreasonable under the circumstances of this case and did not constitute a breach of the contract. We find that the trial court was not manifestly erroneous in so finding.

The trial court also found that Belanger breached the contract. Belanger presented two additional invoices supposedly for work done pursuant to an oral agreement with Peshoff. The trial court found that there was no evidence to support that these expenses were contemplated by the parties. The trial court held Belanger's demand for payment prior to returning to the job site was unreasonable and was a breach of the contract. As a result of this breach, the trial court awarded $600 for the unfinished soffit work, $1,200 for the stairs, and $33,000 under the fourth agreement for a total of $34,800. This amount was offset by the $163.00 that Peshoff owed Belanger for the utility pole. All of these amounts were well-documented in the record. We do not find any manifest error in the trial court's well-reasoned opinion and affirm the award.

**DECREE**

For the forgoing reasons, we affirm the trial court's judgment in favor of Appellees, Dr. Mickey Lee Peshoff and Elizabeth Mae Peshoff.  All costs of this appeal are assessed against Appellant, Kenneth R.Belanger.

**AFFIRMED.**