NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-714


DIANE FERGUSON, ET UX.

VERSUS

NATCHITOCHES FORD LINCOLN MERCURY, INC.


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-83,994, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX

CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.


APPEAL DISMISSED. APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.


William Daniel Dyess
Dyess Law Firm, LLC
207 Church Street Suite
Natchitoches, LA 71457
(318) 352-5880
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Diane Ferguson
    Chris Ferguson

**Tracy Peter Curtis**
**Lewis Brisbois Bisgaard**
**100 E. Vermillion, Ste. 300**
**Lafayette, LA 70501**
**(337) 326-5777**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Natchitoches Ford Lincoln Mercury, Inc.**

**THIBODEAUX, Chief Judge.**

This court issued a rule for Defendant-Appellant, Natchitoches Ford Lincoln Mercury, Inc. (the Company), to show cause, by brief only, why its appeal should not be dismissed as taken from a non-appealable judgment. The Company filed a brief in response to this court's rule arguing its appeal is proper because the trial court found no just reason to delay the Company's appeal. For the reasons discussed below, we dismiss the appeal. Because the Company's motion for appeal was filed within the delay authorized to seek review by a writ application, this court grants the Company leave to file a writ application in compliance Uniform Rules—Courts of Appeal, Rule 4, no later than August 30, 2013.

Plaintiffs, Diane and Chris Ferguson, are the surviving spouse and child of Robert Ferguson who was killed in a motor vehicle accident in February of 2010. On the night of the accident, Lawrence Mills, a driver of a tractor-trailer, was delivering vehicles to the Company after dark. In connection with the delivery, Mills backed out of the Company's driveway onto the highway. Robert Ferguson, who was driving on the highway, apparently was unable to stop, and his vehicle collided with that of Mills.

The petition alleges that the Company was negligent in not providing a safe ingress for the delivery trucks by having too many vehicles on the premises. This, allegedly, forced Mills to undertake the actions he did on the night in question. The Company alleges that the Fergusons settled with all others involved in the suit. Thus, it is the only defendant left in this litigation. The Company moved for summary judgment, alleging that the Fergusons could not establish the element of duty in this action. The trial court denied the Company's summary judgment motion after a hearing, and it issued a written judgment in March of 2013. Three weeks later, the trial court issued an amended written judgment in which it denied the Company's motion and found "no just reason to delay any appeal of this ruling."

"An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." La.Code Civ.P. art. 968. "The denial of a motion for summary judgment is an interlocutory judgment. Thus, an appeal cannot be taken from a trial court's denial of a motion for summary judgment." *Burns v. Couvillion*, 10-763 (La.App. 3 Cir. 12/8/10), 53 So.3d 540, 543 (citations omitted). "Although certification of a partial

3

judgment granting a motion for summary judgment is allowed under Article 1915, this does not authorize the certification of a judgment denying a motion for summary judgment." *S.S. v. State*, 00-953 (La.App. 3 Cir. 9/20/00), 771 So.2d 187, 188 (citations omitted); *see also Ascension Sch. Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.*, 06-992 (La.App. 1 Cir. 3/23/07), 960 So.2d 939; *Clark v. Legion Ins. Co.*, 02-2487 (La.App. 4 Cir. 7/23/03), 853 So.2d 684 (holding that a denial of a motion for summary judgment is an interlocutory judgment that is not appealable and cannot be certified as such). Because a denial of summary judgment is an interlocutory ruling, "the only remedy is to request the appellate court to exercise its supervisory jurisdiction." *Louviere v. Byers*, 526 So.2d 1253, 1255 (La.App. 3 Cir.), *writ denied,* 528 So.2d 153 (La.1988) (citation omitted).

Here, the trial court did not issue any partial grants of the Company's motion for summary judgment. The Company's motion was denied completely. Under the plain meaning of La.Code Civ.P. art. 968, this judgment is not appealable. As our jurisprudence has squarely addressed on many previous occasions, the trial court may not designate such judgment to be immediately appealable. In response to the rule to show cause, the Company argues that it is entitled to appellate review because the trial court's judgment "contains the immediate appeal language." Based on the considerations above, this argument is meritless. Therefore, the Company's appeal is dismissed.

This court finds that the Company filed its motion for an appeal within the time delays for seeking supervisory writs. Thus, justice demands that we afford the Company time within which to file a supervisory writ application with this court. Accordingly, the Company is permitted to file a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than August 30, 2013. The Company is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4−3 as we construe the motion for appeal as a timely notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. APPELLANT PERMITTED TO FILE APPLICATION FOR SUPERVISORY WRITS.**

4

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.